IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNIQUE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 1:18-cv-00040 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | |
| JULIO CESAR AGUILAR PEREZ and | ) | MAGISTRATE JUDGE FRENSLEY |
| SUSAN FULLER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff Unique Insurance Company ("Unique") filed this action against Defendants Julio Cesar Aquilar Perez and Susan Fuller seeking a declaration of its rights and obligations arising under an auto insurance policy Unique issued to Mr. Perez. Unique asserts there is no coverage under the policy for the underlying claim brought against Mr. Perez by Ms. Fuller. Before the Court is Plaintiff's unopposed motion for summary judgment (Doc. No. 22). For the following reasons, Plaintiff's motion for summary judgment is GRANTED.

Defendant filed a Motion for Summary Judgment and a Statement of Undisputed Facts (Doc. Nos. 22, 24) on January 31, 2019. According to the Case Management Order filed on December 12, 2018, any Response was due 28 days after the filing of the Motion (Doc. No. 18.) Mr. Perez was served by publication and has not responded to any filings in this case. Ms. Fuller's attorney withdrew from the case on March 8, 2019. The Court extended the deadline for Ms. Fuller to file a response to the motion for summary judgment to May 3, 2019 (Doc. No. 30). That deadline has passed, and Ms. Fuller has not responded to the Statement of Undisputed Facts or the summary judgment motion or made any other filings in this case.

## I. BACKGROUND

On March 26, 2017, Mr. Perez and Ms. Fuller were involved in a car accident in Maury County, Tennessee. (Doc. No. 1-1 at ¶ 6.) The vehicle operated by Mr. Perez struck the rear of the vehicle operated by Ms. Fuller. (*Id*. at ¶ 9.) Mr. Perez was unable to provide the responding officers with a driver's license, admitted he had been drinking, and failed a number of field sobriety tests. (Doc. No. 1-2 at 5.) Mr. Perez was charged with driving without a license and driving under the influence. (*Id*.) He pled guilty to driving under the influence. (Doc. No. 1-3.) The charge of driving without a license was dismissed as part of the plea. (*Id*.)

Ms. Fuller filed suit in the Maury County Circuit Court against Mr. Perez seeking compensatory damages, punitive damages, and costs arising from injuries she sustained in the car accident. (Doc. No. 1-2.)

At the time of the accident, Mr. Perez held an auto insurance policy with Unique. The policy included the following statement of coverage:

> We will pay damages for bodily injury or property damage for which a **Covered Person**, as defined in this Part, becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. We will **not** pay damages for bodily injury or property damage caused by a **Non-Covered Person**, nor will we defend or pay any cost of defense. (Doc. No. 1-4 at 6.)

Among the definitions of "Non-Covered Person" is "an operator of a vehicle who is an unlicensed driver." (*Id*.)

The policy also had numerous exclusions from coverage, two of which have been raised by Unique as applicable here. The policy states:

> We do not provide Liability Coverage for any person: …

> 9. For bodily injury or property damages which may reasonably be expected to result from the acts of an insured person, or from the criminal acts of an insured person, or which are, in fact, intended by an insured person to cause bodily injury or property damage…
>
> 11. For the payment of punitive or exemplary damages, whether arising from or resulting from actual or alleged malicious, intentional, fraudulent or reckless conduct. (*Id.* at 7.)

Unique seeks a declaratory judgment that it has no obligations under the policy because Mr. Perez was an unlicensed driver and therefore not a covered person, because he was engaged an the criminal act of driving under the influence at the time of the accident, and because the policy does not provide coverage for punitive damages.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence,

judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

### B. Local Rules

Local Rule 7.01(a)(3) states, in pertinent part:

> **(3) Response**. [A]ny party opposing a motion must serve and file a memorandum of law in response, and, if necessary to support assertions of fact, affidavits and depositions, not later than fourteen (14) days after service of the motion, except that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. The response shall not exceed twenty-five (25) pages without leave of Court. If a timely response in not filed, the motion shall be deemed to be unopposed …

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (f) state, in pertinent part:

> **c. Response to Statement of Facts**. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either: (1) Agreeing that the fact is undisputed; (2) Agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) Demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record.
>
> **f. Failure to Respond**. If a timely response to a moving party's statement of material facts, or a non-moving party's statement of additional facts, is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment.

Plaintiff failed to respond to Defendant's Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(f), that failure makes the asserted facts undisputed for the purposes

of summary judgment. Accordingly, there are no genuine issue as to any material fact, and all that remains to be determined is whether Defendant is entitled to judgment as a matter of law.

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). The Court must "at a minimum, [] examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden … of demonstrating the absence of a genuine issue as to a material fact." (*Id*. (internal quotations omitted)).

### C. The Policy Exclusions

A policy for insurance is reviewed under contract principles. As long as its terms are unambiguous, its terms will be enforced as written. *Certain Underwriter's at Lloyd's of London v. Transcarriers Inc*., 107 S.W. 3d 496, 499 (Tenn. Ct. App. 2002). Mr. Perez's insurance contract with Unique specifically excludes from coverage injury resulting from criminal acts. Courts have upheld denial of insurance coverage based on an "illegal acts" policy exclusion when there was conclusive evidence of driving under the influence. *Shelby County Healthcare Corp. v. Majestic Star Casino, LLC*, 2008 WL 782642 (W.D. Tenn. 2008) (reviewing cases). *See also*, *Carter v. ENSCO Inc*., 438 F.Supp. 2d 669, 675 (W.D. La. 2006) (policy exclusion for illegal acts precluded coverage for injuries sustained while driving under the influence);

There is no evidence suggesting that the accident was caused by something other than Mr. Perez's intoxication. The Seventh Circuit addressed this issue of causation in *Sisters of the Third Order of St. Francis v. SwedishAmerican Health Benefit Trust*, 901 F.2d 1369, 1371-72 (7th Cir. 1990). In *Sisters*, the court considered whether a policy exclusion for illegal activity foreclosed coverage for damages incurred while the covered party was driving under the influence. *Id*. Affirming the grant of summary judgment in favor of the insurer, the court held that a trial on the

question of whether "besotted driving caused the crack-up" was not required when there was no evidence in the record suggesting a cause unrelated to driving under the influence. *Id*. at 1371. *St. Louis Univ. v. Glass*, 864 F.Supp. 110, 113 (E.D. Mo. 1994) (insurance exclusion for "any condition that results from … the commission of a felony" precluded coverage where the insured admitted all of the facts comprising elements of driving under the influence.)

The undisputed evidence establishes that Mr. Perez had been drinking alcohol before the accident, failed several field sobriety tests, and ultimately pled guilty to a criminal charge of driving under the influence. There is no evidence suggesting that the accident was caused by something other than his driving under the influence. Accordingly, the policy exclusion for criminal conduct forecloses coverage for the accident caused by Mr. Perez while intoxicated.

The policy also excludes payment of "punitive damages arising from or resulting from actual or alleged malicious, intentional, fraudulent or reckless conduct." Accordingly, Mr. Perez does not have coverage under the policy for claims for punitive damages. *See Chad Youth Enhancement Ctr., Inc. v. Colony Nat. Ins. Co.*, 474 Fed. Appx. 429, 430 (6th Cir. 2012) (enforcing exclusion of punitive damages from policy coverage); *see also*, *Certain Underwriters at Lloyd's, London v. Alkabsh*, 2011 WL 938407 at \*9 (W.D. Tenn. 2011) (insurance policy provision excluding punitive damages was clear and unambiguous and enforceable against all defendants); *Westport Ins. Corp. v. Wilkes & McHugh, P.A.*, 2009 WL 10665117 (W.D. Tenn. 2009).

Because the Court finds that the policy exclusions discussed above conclusively establish that there is no coverage for the underlying claim, it need not address the question of whether the Mr. Perez was not a "covered person" under the policy because he did not produce a driver's license at the time of the accident.

## III. CONCLUSION

For the reasons stated, Defendants have failed to present evidence sufficient to defeat the motion for summary judgment. Plaintiff's Motion for Summary Judgment is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE